| | | |
|---|---|---|
| **ZULMA QUINTANA,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CASE NO: 1:18-cv-00270-TLS-SLC** |
| | ) | |
| **REDBONE EXPRESS, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

In its Opinion and Order dated September 7, 2018, the Court afforded Plaintiffs an opportunity to file an amended complaint that properly alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 4). Plaintiffs filed an amended complaint on September 12, 2018. (DE 5).

Plaintiffs' amended complaint, however, still fails to properly allege diversity jurisdiction. In the Opinion and Order, the Court explained to Plaintiffs that the Court "must be informed of the identity and citizenship of all the members of [Defendants] Redbone Express, LLC, and Steel Horse Trucking, LLC, tracing such citizenship through all applicable layers of ownership to ensure that none of the members share a common citizenship with Plaintiffs." (DE 4 (citation omitted)). The amended complaint does not do so.

Rather, the amended complaint alleges that Redbone Express, LLC, "is organized and managed by a sole manager – Frederick A. Vincent – who resides at 5735 Highway BB in Seymour Missouri[,]" and that Steel Horse Trucking, LLC, "is organized and managed by a sole member – Richard Turnball, Jr. – who resides at 888 Little Creek Road in Mountain Grove, Missouri." (DE 5 ¶¶ 4, 6). But the organizer or manager of a limited liability company is

irrelevant for purposes of establishing diversity jurisdiction. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its *members*." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (emphasis added).

Furthermore, in the event that the members of a limited liability company are individuals, their residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). "An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run.").

As the parties seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, Plaintiffs will be afforded a second opportunity to meet that burden, as Plaintiffs shall have to and including September 26, 2018, to file a supplemental jurisdictional statement that properly sets forth the identity and citizenship of *all* the members of Defendants Redbone Express, LLC, and Steel Horse Trucking, LLC, tracing such citizenship through all applicable layers of ownership to ensure that none of the members share a common citizenship with Plaintiffs. Anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

SO ORDERED. Entered this 13th day of September 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

2